# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1997 SESSION



FILED

**April 21, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **NORWOOD BRADY,** | ) |
| | ) C.C.A. No.  03C01-9604-CR-00166 |
| Appellant, | ) |
| | ) Hamilton County |
| V. | ) |
| | ) Honorable Douglas A. Meyer, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction) |
| Appellee. | ) |

FOR THE APPELLANT:

Johnny D. Houston, Jr.
Attorney at Law
Suite 202, Flatiron Building
707 Georgia Avenue
Chattanooga, TN 37402

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox III
District Attorney General

Leland Davis
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Norwood Brady, was indicted for first degree murder. He pled guilty to the lesser offense of second degree murder.[1] He received a fifty-year sentence.

The appellant filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel which resulted in an involuntary and unknowing plea. In his petition he claimed his trial counsel was ineffective for failing to allow him to participate in his defense and for failing to adequately explain the consequences of his guilty plea. After a hearing, the trial court dismissed the petition finding the appellant's trial counsel effective and the appellant's plea knowing and voluntary. He appeals the dismissal of his petition. Upon review, we affirm.

In order for the appellant to be granted relief because of ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty pleas, is met when the appellant establishes that, but for his counsel's error, he would not have pled guilty and would have insisted on a trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The appellant testified at the post-conviction hearing that he was not allowed to participate in his defense and was not properly advised of the terms of his guilty plea. Furthermore, he claimed he could not read and did not understand what he was signing.[2] The appellant's trial counsel testified that he

---

[1]The appellant was classified as a Range II offender. As part of the plea agreement, however, he agreed to be sentenced as a Range III persistent offender.

[2]The appellant testified that, although he had a twelfth-grade education, he could not read at the time he entered his guilty plea. He stated that he learned to read in prison.

met with the appellant on several occasions and allowed him to make the decision on whether to plead guilty or go to trial. Furthermore, he stated that he was never informed about the appellant's inability to read. He stated that regardless of the appellant's reading ability, he orally explained the plea agreement to the appellant and felt confident he understood its consequences and voluntarily chose not to proceed to trial.

The hearing judge found that the appellant's trial counsel fully informed and advised him during plea negotiations. Moreover, the hearing judge felt that the appellant was not credible. He stated that he did not find the appellant's allegations to be "true at all."

The factual findings of the trial court in post-conviction proceedings are conclusive on appeal unless this Court finds that the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). We find nothing in the record that does so. The appellant has not met his burden.

AFFIRMED

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge


_____
CORNELIA A. CLARK, Special Judge